RECEIPT # [illegible]
[illegible] CASH
SUMMONS IS
[illegible] RULE 4.1
WAIVER FORM
ISSUED
BY DPTY CLK
DATE 5-12-0[?]

United States District Court
District of Massachusetts

Plaintiff's Name
David W Buffeto

V.

Defendent's Name
IRS

Civil Action
No. AP:FE: BOS'LSB

05 10986 GAO

Complaint

MAGISTRATE JUDGE [illegible]

1. The Plaintiff is a resident of Rockland, Plymouth County, Massachusetts and a citizen of the United States

2. The Defendant Internal Revenue Service resides in Boston Suffolk County

Jurisdiction

This Court has Jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## FACTS

On October 7, 2004 David Buffalo met with The IRS at 10 Causeway St. Appeals office. Where I agreed to file tax forms for 1999. Through 2003. at that meeting the collection ~~and~~ Statute and Collection actions were suspended.

On April 15, 2005 a Notice of Determination concerning Collection Action(s) was sent to Plaintiff. Indicating a levy would be placed on wages.

~~Wherefore, the Plaintiff~~

~~Mr. Buffalo~~

Plaintiff has paid $1,300.00 covering this Tax Period, 1999, and will finish paying the balance of $800.00 by the end of May.

Plaintiff request the IRS garnishment for Tax Period 1999 be denied.

David Buffalo
22 Arthur St
Rockland, MA
02370
781-871-4638

## ATTACHMENT 1

1. At the hearing held October 7, 2004 no Collection Information Statement indicating the ability to "pay just over $400.00 per month" was filled out or given to Paul Reska or Lisa S. Boudreau.
   Plaintiff requests the tape from that hearing be obtained for evidence.

2. Plaintiff did not receive form 433-D supposedly mailed February 17, 2004

3. Plaintiff states payments totaling $1,300.00 covering the tax period in question, 1999, have been mailed to the IRS office, Cincinnati Ohio
   See attached copy,

4. Plaintiff has a balance of $800.00 that will be mailed and payment completed for this period before this appeals comes before the court.

Plaintiff request the IRS petition for garnishment of $403.00 per month to pay for tax period 1999 be denied.

**05  10986 GAO**

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>10 Causeway Street<br>Room 493<br>Boston, MA  02222 | **Department of the Treasury**<br><br>**Person to Contact:**<br>  Lisa S. Boudreau<br>  Employee ID Number: 04-05025<br>  Tel:  (617) 788-0634<br>  Fax: (617) 788-0675 |
| Date:  MAY  3 2005 | **Refer Reply to:**<br>  AP:FE:BOS:LSB<br>**SSN/EIN Number:** |
| DAVID W BUFFALO<br>22 ARTHUR STREET<br>ROCKLAND MA  02370 | 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<br>**Tax Type/Form Number:**<br>  Civil Penalty<br>**In Re:**<br>  Collection Due Process Hearing<br>  (District Court)<br>**Tax Period(s) Ended:**<br>  12/1999 |

**Certified Mail**

NOTICE OF DETERMINATION
CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Sir:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below.  The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
Issuance of the Fianl Notice and the proposed levy action are fully sustained.

Sincerely,

*[signature]*

Edwin Arcaro
Appeals Team Manager

**Attachment to Letter 3194(DC)**
**Taxpayer: David W. Buffalo**

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Date CDP Request Received or Postmark | Code Section |
|---|---|---|---|---|
| Civil Penalty | 12/31/1999 | 5/24/2004 | 6/23/2004 | 6330 |
|  |  |  |  |  |
|  |  |  |  |  |

As the taxpayer's request for a Collection Due Process (CDP) Hearing under IRC §6330 was within 30 days from the date of the Final Notice the taxpayer was granted a Collection Due Process hearing in this matter.

## Summary and Recommendation

David Buffalo filed form 12253 in response to a Notice of Levy on Your State Tax Refund and Notice of Your Right to a Hearing issued on May 24, 2004.

## Background

David W. Buffalo had not filed process able forms 1040 in at least the last six years. He is a fifty-seven year old wage earner employed by Brigham and Women's Hospital and Harvard Vanguard Medical Associates. Mr. Buffalo owns his home in Rockland, Massachusetts.

The penalty at issue stems from a frivolous form 1040 filed for the calendar year ending December 31, 1999. Mr. Buffalo filed form 1040 for 1999 jointly with his wife, Yvonne. The form 1040 consisted of all zeros, except for the lines for income tax withheld and refund. The return requested refund of the entire amount of the Buffalo's withheld tax in the amount of $2,509.00. The form 1040 was filed with form W-2 indicating that in fact Mr. and Mrs. Buffalo had wages of $42,530.21. Attached to the form 1040 was a 12 point statement requesting refund of the tax withheld, claiming that their income was zero and that this was not a frivolous return. On April 18, 2000 Letter 3176 (SC) was sent to the Buffalos giving them the opportunity to file and correct return within 30 days and avoid the frivolous return penalty. The Buffalos did not file a correct return and the penalty was asserted.

Mr. Buffalo's income tax returns for the years ending December 31, 1999 through December 31, 2002 were prepared under Internal Revenue Code §6202. Mr. Buffalo petitioned the tax court in response to the Statutory Notice of Deficiency and the tax court case is in progress. Appeals Officer Charles Kerivan secured and reviewed all income tax returns from 1999 through 2003.

## Discussion and Analysis

### MATTERS CONSIDERED AT THE APPEALS HEARING

- 2 -

### I. Applicable Law and Administrative Procedures.

A review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the proposed levy have been satisfied.

This hearing was provided under IRC Section 6330 with respect to the subject levy. A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment, is made at his last known address, as provided for in IRC § 6303. Review of transcripts has confirmed the tax was assessed, notice and demand was mailed to the taxpayer at his last known address, and there is still a balance due.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

Our records indicate that a state tax refund of $39.00 has been levied as part of the State Income Tax Levy Program (SITLP). The SITLP matches a database of delinquent taxpayers against a database of participating states' tax refunds. The program is administered pursuant to Section 6331 of the Internal Revenue Code (IRC). Under these circumstances there is an automated levy against state tax refunds, prior to issuance of a Collection Due Process (CDP) notice, if applicable. The taxpayer has a right to a hearing after levy action has taken place, per IRC 6330(f)(2). Our records indicate that on May 3, 2004, levy proceeds in the amount of $39.00 were applied to this account. The record further indicates that on May 24, 2004, David W. Buffalo was issued CP092, "Notice of Intent to Levy Your State Tax Refund Notice of Your Right to a Hearing". This notice advises the taxpayer of the amount levied from his state tax refund. In addition, the notice explains the procedure for requesting a Collection Due Process (CDP) hearing or equivalent hearing, if applicable. In a letter postmarked June 19, 2004 and received June 23, 2004, the taxpayer requested a hearing via Form 12153 "Request for a Collection Due Process Hearing".

Section 6330(b) guarantees the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer assigned to hear this case has had no prior involvement with respect to any of the tax liabilities.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

The collection statute and collection actions were suspended.

- 3 -

## II. Relevant Issues Presented by the Taxpayer.

A face to face conference was held with the taxpayer on October 7, 2004. The conference was recorded at the taxpayer's request. Acting Appeal Team Manager Paul Reska was present at the conference. At the conference Mr. Buffalo indicated that he would like to abandon his previous stance and get all of the tax issues taken care of. He stated that he would file all outstanding returns through Mr. Kerivan and would like an installment agreement to take care of the outstanding balance for forms 1040 and the civil penalty at issue.

- **Challenges to the Existence or Amount of the Liability.** Although Mr. Buffalo initially challenged the liability, once the basis was explained to him at the conference he did not make any further challenges.

  Revenue Ruling 2004-34 published March 22, 2004 specifically addresses zero returns.

```
"CIVIL AND CRIMINAL PENALTIES
   The Service will disallow any refund claim based on the filing
of a zero return and will determine the correct amount of tax due
from the taxpayer. The Service also will seek the return of any
erroneous refund resulting from a zero return. In addition to
liability for tax due plus statutory interest, individuals who
claim tax benefits on their returns based on this and other
frivolous arguments face substantial civil and criminal
penalties. Potentially applicable civil penalties include: (1)
the section 6662 accuracy-related penalty, which is equal to 20
percent of the amount of taxes the taxpayer should have paid; (2)
the section 6663 penalty for civil fraud, which is equal to 75
percent of the amount of taxes the taxpayer should have paid; (3)
a $500 penalty under section 6702 for filing a frivolous return;
and (4) a penalty of up to $25,000 under section 6673 if the
taxpayer makes frivolous arguments in the United States Tax
Court."
```

  The taxpayer did not bring up any valid challenge to the liability.

- **Challenges to the Appropriateness of the Proposed Collection Action.** Mr. Buffalo indicated that he felt that an installment agreement would be more appropriate than the proposed action.

- **Collection Alternatives Offered by the Taxpayer.** Several collection alternatives were discussed at the hearing. The possibility of fully paying the liability at issue and then addressing the form 1040 liabilities at a later date was discussed. An alternative resolution was also raised of continuing the hearing until the original returns were all provided to Mr. Kerivan, and then entering into an installment agreement encompassing all of the liabilities. Mr. Buffalo proposed an installment agreement as a collection alternative. He subsequently filed all of the outstanding returns in conjunction with his tax court petition for forms 1040. Although those returns are not yet assessed, it appears that the total unpaid balance of assessment for those returns and the frivolous return penalty at issue will total under $25,000.00. Mr. Buffalo updated his withholdings

- 4 -

to the correct amount by filing a corrected form W-4 with his employer. Mr. Buffalo provided a Collection Information Statement indicating that he was able to pay just over $400.00 per month on an installment agreement. He would qualify for a streamlined installment agreement of $403.00 per month.

On February 17, 2004 an installment agreement, form 433-D, was sent to Mr. Buffalo for signature and return by March 16, 2005. Mr. Buffalo did not sign and return the agreement or contact the appeals office. Although a viable collection alternative was proposed, Mr. Buffalo did not agree to the alternative.

- **Other Issues Raised by the Taxpayer.** No other non frivolous issues were raised.

### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

A viable alternative to the proposed levy action was discussed during the Collection Due Process hearing. The taxpayer was given the opportunity to enter into an installment agreement to satisfy the liability. He did not sign the installment agreemet or otherwise contact the appeals office. As he did not agree to the viable collection alternative that was proposed, no viable alternative exists. This analysis indicates that the action taken by the Service in the levy upon the taxpayer's state income tax refund and issuance of the Final Notice provided for the efficient collection of the taxes despite the potential intrusiveness of enforced collection. Further levy action is sustained.



**CUSTOMER'S RECEIPT**

| KEEP THIS RECEIPT FOR YOUR RECORDS | PAY TO: United States Treasury<br>ADDRESS: Cincinnati, OH 45999-0169<br>C.O.D. OR USED FOR: $2059.51 - BaL 1789.51 | SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION<br>**NOT NEGOTIABLE** |

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 0801 1611 270 | 2005-03-31 | 021201 | $500.00 | 002 |



**CUSTOMER'S RECEIPT**

| KEEP THIS RECEIPT FOR YOUR RECORDS | PAY TO: US Treasury<br>ADDRESS: Cincinnati, OH 45999-014<br>C.O.D. OR USED FOR: 1040 12-31-99 029345019 | SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION<br>**NOT NEGOTIABLE** |

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 0801 2258 831 | 2005-04-22 | 021091 | $500.00 | 002 |



**CUSTOMER'S RECEIPT**

| KEEP THIS RECEIPT FOR YOUR RECORDS | PAY TO: US Treasury<br>ADDRESS: Cincinnati OH<br>C.O.D. OR USED FOR: 1040 12-31-99 029345019 | SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION<br>**NOT NEGOTIABLE** |

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT | CLERK |
|---|---|---|---|---|
| 0801 2263 037 | 2005-05-03 | 021091 | $500.00 | 002 |

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-10986 GAO

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Buffalo

**DEFENDANTS**
Internal Revenue Service

(b) County of Residence of First Listed Plaintiff: Rockland, Ma
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Boston, Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 5/12/05
SIGNATURE OF ATTORNEY OF RECORD: David Buffalo  PRO SE

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05  10986  GAO

1. Title of case (name of first party on each side only) **David Buffalo v. IRS**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✗] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [✗] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **David Buffalo**
ADDRESS  **22 Arthur St  Rockland, Ma 02370**
TELEPHONE NO.  **781-871-4638**

(CategoryForm.wpd - 5/2/05)