IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DAVID W. BUFFALO,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　Civil No. 05-10986-GAO
　　　　　　　　　　　　　　　　　　)
INTERNAL REVENUE SERVICE,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellee.　　　　　　)

UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO AFFIRM AND DISMISS

The United States, by its undersigned counsel, submits this memorandum of law in

support of its motion to affirm the determination of the Appeals Officer and dismiss the

appellant's action.

STATEMENT OF THE ISSUE PRESENTED

Whether the determination of the Internal Revenue Service Appeals Officer should be

affirmed because the Appeals Officer verified that the requirements of all applicable laws or

administrative procedures have been met, considered all issues raised at a collection due process

hearing, and determined that enforced collection of a taxpayer's past-due penalties and interest

was appropriate.

FACTS

The appellant, David Buffalo, seeks judicial review pursuant to 26 U.S.C. § 6330(d)(1) of

the determination made by the Appeals Officer sustaining the Internal Revenue Service's

enforced collection action in order to satisfy Mr. Buffalo's past-due liabilities.  Mr. Buffalo was

assessed a $500 frivolous return penalty with regard to a return filed for the 1999 federal income

tax year.[1]  See Exhibit A.  On May 24, 2004, the Internal Revenue Service sent Mr. Buffalo a

Notice of Levy on Your State Tax Refund and Your Rights to a Hearing as required under 26

U.S.C. § 6330(f)(2).[2]  See Exhibit E.  The Notice informed the appellant that the Internal

Revenue Service had levied $39.00 of his state tax refund to partially pay the penalty and that he

had a right under 26 U.S.C. § 6330 to appeal the Internal Revenue Service's levy to the Appeals

Office of the Internal Revenue Service.  See Exhibit E.  Mr. Buffalo timely requested a

Collection Due Process Hearing ("CDP Hearing"), attaching to this request a 5-page letter

containing frivolous requests for documents from the Internal Revenue Service regarding its

authority to assess income taxes.  See Exhibit G.

On October 7, 2004, a face-to-face hearing was held, at which Mr. Buffalo renounced his

tax protestor rhetoric and indicated a desire to comply with the internal revenue laws.  See

Exhibit F.  Mr. Buffalo also proposed that an installment agreement be established to allow him

---

[1]  Mr. Buffalo was a tax protestor, and he filed a 1999 federal income tax return (Form
1040), showing $0 for all income, taxable or otherwise.  See Exhibit B.  This federal income tax
return was grossly inconsistent with the third party information, including Forms W-2, received
by the IRS regarding the 1999 tax year.  In response to this return, the IRS issued a notice to the
taxpayer stating that a civil penalty would be assessed unless Mr. Buffalo filed a proper return
within 30 days.  See Exhibit C.  In response, Mr. Buffalo filed a 6 page letter with the IRS
asserting the IRS had no power to assess an income tax against him.  See Exhibit D.  Because no
legitimate income tax return was filed, Mr. Buffalo was assessed the $500 frivolous return
penalty pursuant to 26 U.S.C. § 6702.  See Exhibit A.

[2]  The state tax refund of $39.00 was levied as a part of the "State Income Tax Levy
Program (SITLP)."  See Exhibits E & F (Notice of Determination).  The SITLP matches a
database of delinquent taxpayers against a database of participating states' tax refunds.  Levies on
state tax refunds are an exception to the general rule under 26 U.S.C. § 6330(a) requiring notice
to the taxpayer of the Internal Revenue Service's *intent* to levy on the property or rights to
property.  See 26 U.S.C. § 6330(a).  Pursuant to 26 U.S.C. § 6330(f)(2), the automated levies
issued with regard to state tax refunds are exempted from the pre-levy notification requirements
of Section 6330(a), provided that notice is provided to the taxpayer within a "reasonable time"
after the levy.

to pay back his liabilities, including the frivolous return penalties.  See Exhibit F.

On February 17, 2005, the Internal Revenue Service sent Mr. Buffalo an installment agreement to be signed and returned to the IRS by March 16, 2005.  See Exhibit H.  By April 15, 2005, the installment agreement had not been returned to the IRS, and no payments had been made against the penalty.  As a result, the Internal Revenue Service issued its Notice of Determination, upholding the collection actions taken with regard to the frivolous return penalty on April 15, 2005.  Mr. Buffalo then timely appealed that determination to this Court.[3]

## ARGUMENT

I.    The Appeals Officer Did Not Abuse Her Discretion,
      Thus, the Determination Should Be Affirmed

"In a CDP case in which, as here, the amount of the underlying tax liability is not at issue, the trial court and the court of appeals review the determination of the IRS appeals officer for abuse of discretion."  Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005).  The Olsen court went on to observe "that in providing for CDP hearings on what is ordinarily a scant record, Congress 'must have been contemplating a more deferential review of these tax appeals than of more formal agency decisions,'" relying upon and quoting from the opinion in Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625 (6th Cir.2005).   The Appeals Officer's determination in this matter should be affirmed because the Appeals Officer did not abuse her discretion in upholding the collection action taken by the Internal Revenue Service. Mr. Buffalo's complaint does not clearly state a basis for any allegations concerning an abuse of

---

[3]  Because the Tax Court does not have jurisdiction over a civil penalty imposed under Section 6702, the United States District Court is the appropriate court for an action challenging collection of the civil penalty pursuant to 26 U.S.C. § 6330.

discretion in this matter, and thus does not set forth any grounds as to why the determination should not be affirmed.

II       The Statutory Limitations on Administrative and Judicial Review

A.       Section 6330 of the Internal Revenue Code

The Restructuring and Reform Act of 1998 added Section 6330 to the Internal Revenue Service to provide, as relevant in this case, that where a levy has been made upon a state tax refund, the taxpayer has a right to a collection due process notice following the levy which notifies the taxpayer of the right to a collection due process hearing ("CDP hearing") regarding that levy activity.  See 26 U.S.C. § 6330(f)(2).  See also Footnote 2, infra.

Section 6330(c) provides that a person may raise at the CDP hearing any relevant issue relating to the levy or unpaid liability, including challenges to the appropriateness of the collection action and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.  See 26 U.S.C. § 6330(c)(2)(A).  The person may also raise at the CDP hearing challenges to the existence or amount of the underlying liability for any tax period if the person did not have a prior opportunity to dispute such liability.  See 26 U.S.C. § 6330(c)(2)(B).   Taxpayers are entitled to judicial review of the IRS determination pursuant to Section 6330(d), but in seeking review of the Notice of Determination, taxpayers can only ask the court to consider an issue that was raised at the taxpayer's CDP hearing.  See 26 C.F.R. § 301.6330-1(f), Q-F5/A-F5.

B.       Appellant Had a Valid Collection Due Process Hearing Before an Impartial Appeals Officer

In his complaint, appellant does not clearly articulate a cause of action in this matter,

- **4** -

instead making factual statements regarding the CDP process and requesting that the "IRS garnishment be denied."[4]   The only garnishment at issue is the $39.00 seizure of the state tax refund, which was applied against the frivolous return penalty and was the subject of the Notice of Levy and the CDP hearing; this is the only issue over which this Court would have jurisdiction.[5]   As a result, the only possible cause of action delineated in Mr. Buffalo's complaint is a challenge to the determination made by the Appeals Officer that the collection activities taken by the Internal Revenue Service with respect to Mr. Buffalo's frivolous filing penalty satisfied the requirements of Section 6330 of the Internal Revenue Code.

Section 6330(c) requires that the determination take into consideration the following: (1) verification that the requirements of any applicable law or administrative procedure have been met; (2) the issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the concern of the taxpayer that any

---

[4]  The sixth allegation contained in appellant's complaint also references payments made towards an unknown liability, presumably Mr. Buffalo's income tax liability.  This liability is not related to the frivolous filing penalty assessment made against Mr. Buffalo, and thus is unrelated to this cause of action.  See also Footnote 5, *supra*.

[5]  As is clearly indicated on the Notice of Determination, the collection actions taken by the IRS and at issue in this proceeding involve the frivolous penalty, not Mr. Buffalo's federal income tax liabilities.  If Mr. Buffalo had received a CDP notice with regard to collection of his federal income tax liabilities, any appeal can only be made with the Tax Court.  See 26 U.S.C. § 6330(d)(1) & 26 C.F.R. § § 301.6320-1(f)(2), Q&A-F3;  301.6330-1(f)(2), Q&A-F3 (providing that the Tax Court has exclusive jurisdiction over income taxes in the context of collection due process).  See also Marino v. Brown, 357 F.3d 143, 146-47 (1st Cir. 2004) (the Court of Appeals affirmed the district court's dismissal of an income-tax related CDP proceeding, noted that the Tax Court has *exclusive* jurisdiction over such matters, and imposed a $2,000.00 compensatory sanction on the *pro se* appellant for prosecuting a frivolous appeal).  This Court simply does not have jurisdiction to hear any claims related to collection of Mr. Buffalo's income tax liabilities.

1487959.2

collection action be no more intrusive than necessary.  See 26 U.S.C. § 6330(c).  The Notice of

Determination and Summary and Recommendation attached to it clearly demonstrate that the

CDP hearing and the subsequent determination incorporated all of the required considerations.

Section I of the Discussion and Analysis Section of the Summary and Recommendation,

demonstrates that the Appeals Officer reviewed Mr. Buffalo's administrative record and

concluded that all of the applicable laws and administrative procedures have been met.  She

determined the legal basis for the IRS's actions in this matter, including the process by which this

state tax refund levy was obtained.  She determined that the hearing was conducted by an

impartial officer who had not had previous dealings with respect to the unpaid liabilities, and

finally, she determined that all collection statute and collection actions were suspended as

required by the Internal Revenue Code and its regulations.

Section II of the Summary and Recommendation demonstrates that the Appeals Officer

considered the issues raised by the Appellant.  She specifically addresses the fact that the

assessment of the frivolous return penalty was discussed at the hearing, and the basis for the

penalty was explained to Mr. Buffalo, at which time he did not "bring up any valid challenge to

the liability."  Further, the Appeals Officer clearly considered all relevant, non-frivolous issues

raised by the taxpayer, and even attempted to reach a compromise on final payment of the

amount due by working with the taxpayer to submit an installment agreement.  Mr. Buffalo

proposed that the IRS consider allowing him to enter into an installment agreement, and an

installment agreement was submitted to Mr. Buffalo for his approval.  It was never returned to

the IRS.

Finally, Section III of the Summary and Recommendation demonstrates that the Appeals

1487959.2

Officer balanced the need for the efficient collection of taxes with the concern of the taxpayer that any collection action be no more intrusive than necessary; as stated above she tried to work with the taxpayer to obtain an alternative collection method and the taxpayer simply refused to cooperate.

No more can be asked of the IRS in these circumstances, and there is no question that the Appeals Officer fully complied with the requirements of Section 6330.  She sustained the levy action taken by the IRS in this matter, and she authorized future levy activity if necessary.  Her determinations must be affirmed, and the complaint should be dismissed.  The complaint fails to assert any legally sufficient claim to the contrary.

<div style="text-align:center">CONCLUSION</div>

The Appeals Officer's determination must be affirmed and the complaint dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560

<div style="text-align:center">*-7-*</div>

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing document was filed via the Court's electronic filing system on January 6, 2006 and may be accessed via this system.  However, because the plaintiff is appearing pro se, it is hereby certified that a copy of this document also was sent by First Class mail, this 6th day of January, 2006 to:

David W. Buffalo
22 Arthur Street
Rockland, Massachusetts 02370


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division

1487937.1

```
         CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

DAVID W BUFFALO                    EIN/SSN       5019


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1999

                                    ASSESSMENT,     PAYMENT,      ASSESSMENT
DATE       EXPLANATION OF TRANSACTION   OTHER DEBITS    CREDIT      DATE (23C,
                                     (REVERSAL)    (REVERSAL)     RAC 006 )
--------------------------------------------------------------------------------


           MISCELLANEOUS PENALTY             500.00          07-31-2000
           08254-582-52045-0  200029

           ADDITIONAL TAX ASSESSED            0.00          07-31-2000
           08254-582-52045-0  200029

           ADDITIONAL TAX ASSESSED            0.00          09-17-2001
           08254-642-06702-1  200136

           INTEREST ASSESSED                 49.78          09-17-2001
           200136

09-23-2002 MODULE IN FEDERAL PAYMENT
           LEVY PROGRAM

10-21-2002 MODULE REVERSED OUT OF
           FEDERAL PAYMENT LEVY
           PROGRAM

11-25-2002 MODULE BLOCKED OR
           RELEASED FROM FEDERAL
           PAYMENT LEVY PROGRAM

05-03-2004 SUBSEQUENT PAYMENT                         39.00

FORM 4340  (REV. 01-2002)              PAGE    1
```


GOVERNMENT
EXHIBIT

A

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

DAVID W BUFFALO                          EIN/SS!        5019


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1999

|      |                              | ASSESSMENT,  | PAYMENT,   | ASSESSMENT |
|------|------------------------------|--------------|------------|------------|
| DATE | EXPLANATION OF TRANSACTION   | OTHER DEBITS | CREDIT     | DATE (23C, |
|      |                              | (REVERSAL)   | (REVERSAL) | RAC 006 )  |
-----------------------------------------------------------------------------


05-24-2004 INTENT TO LEVY COLLECTION
           DUE PROCESS NOTICE
           LEVY NOTICE ISSUED

08-09-2004 REVERSAL OF MODULE
           BLOCKED FROM FEDERAL
           PAYMENT LEVY PROGRAM

06-23-2004 LEGAL SUIT PENDING

06-23-2004 COLLECTIONS WORKING CASE

07-31-2000 Statutory Notice of Balance Due

09-25-2000 Statutory Notice of Intent to Levy

10-30-2000 Annual Notice of Balance Due

09-17-2001 Statutory Notice of Balance Due

09-17-2001 Annual Notice of Balance Due

10-07-2002 Statutory Notice of Intent to Levy


FORM 4340  (REV. 01-2002)                 PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

DAVID W BUFFALO                      EIN/SSH        5019


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  1999
------------------------------------------------------------------------

BALANCE           510.78
------------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Susan McMahon_

PRINT NAME:_____Susan McMahon_____

TITLE:____Supervisory Investigative Analyst_____

DELEGATION ORDER:____198/18_____

LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 05/27/2005

FORM 4340  (REV. 01-2002)                 PAGE     3

Form **1040**

Department of the Treasury—Internal Revenue Service

## U.S. Individual Income Tax Return **1999**

(P)    IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1999, or other tax year beginning , 1999, ending , OMB No. 1545-0074

**Label**

(See instructions on page 18.)

Use the IRS label. Otherwise, please print or type.

Your first name and initial: DAVID W    Last name: BUFFALO

Your social security number: 5019

If a joint return, spouse's first name and initial: YVONNE W    Last name: BUFFALO

Spouse's social security number:

Home address (number and street). If you have a P.O. box, see page 18.    Apt. no.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 18.

▲ **IMPORTANT!** ▲ You must enter your SSN(s) above.

**Presidential Election Campaign** (See page 18.)

Do you want $3 to go to this fund?    Yes  No  Note. Checking "Yes" will not change your tax or reduce your refund.

If a joint return, does your spouse want $3 to go to this fund?

**Filing Status**

Check only one box.

1  ☐ Single
2  ✓ Married filing joint return (even if only one had income)
3  ☐ Married filing separate return. Enter spouse's social security no. above and full name here. ▶
4  ☐ Head of household (with qualifying person). (See page 18.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5  ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19 ). (See page 18.)

**Exemptions**

6a  ☑ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do **not** check box 6a.

b  ☑ Spouse

c  Dependents:

| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 19) |
|---|---|---|---|
|  |  | Daughter | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

an six

No. of boxes checked on 6a and 6b

No. of your children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see page 19)

Dependents on 6c not entered above

Add numbers entered on lines above ▶  3

d  Total number of exemptions claimed

**Income**

Attach Copy B of your Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 20.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 0 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | 0 |
| b | Tax-exempt interest. DO NOT include on line 8a | 8b | |
| 9 | Ordinary dividends. Attach Schedule B if required | 9 | 0 |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 21) | 10 | 0 |
| 11 | Alimony received | 11 | 0 |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 0 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | 0 |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | 0 |
| 15a | Total IRA distributions  15a    b Taxable amount (see page 22) | 15b | 0 |
| 16a | Total pensions and annuities  16a    b Taxable amount (see page 22) | 16b | 0 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | 0 |
| 18 | Farm income or (loss). Attach Schedule F | 18 | 0 |
| 19 | Unemployment compensation | 19 | 0 |
| 20a | Social security benefits  20a    b Taxable amount (see page 24) | 20b | 0 |
| 21 | Other income. List type and amount (see page 24) | 21 | 0 |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 0 |

**Adjusted Gross Income**

| | | |
|---|---|---|
| 23 | IRA deduction (see page 26) | 23 | |
| 24 | Student loan interest deduction (see page 26) | 24 | |
| 25 | Medical savings account deduction. Attach Form 8853 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed health insurance deduction (see page 28) | 28 | |
| 29 | Keogh and self-employed SEP and SIMPLE plans | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 | Add lines 23 through 31a | 32 | |
| 33 | Subtract line 32 from line 22. This is your **adjusted gross income** ▶ | 33 | 0 |

**GOVERNMENT EXHIBIT B**

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 54.    Cat. No. 12599G    Form **1040** (1999)

1054

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) | 34 | 0 |
| | 35a | Check if: ☒ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 35a | | |
| | b | If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, see page 30 and check here . . . . . . ▶ 35b ☐ | | |
| **Standard Deduction for Most People** | 36 | Enter your **itemized deductions** from Schedule A, line 28, OR **standard deduction** shown on the left. But see page 30 to find your standard deduction if you checked any box on line 35a or 35b or if someone can claim you as a dependent | 36 | 0 |
| **Single:** $4,300 | 37 | Subtract line 36 from line 34 | 37 | 0 |
| **Head of household:** $6,350 | 38 | If line 34 is $94,975 or less, multiply $2,750 by the total number of exemptions claimed on line 6d. If line 34 is over $94,975, see the worksheet on page 31 for the amount to enter | 38 | 0 |
| **Married filing jointly or Qualifying widow(er):** $7,200 | 39 | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- | 39 | 0 |
| | 40 | Tax (see page 31). Check if any tax is from a ☐ Form(s) 8814 b ☐ Form 4972 ▶ | 40 | 0 |
| **Married filing separately:** $3,600 | 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | |
| | 43 | Child tax credit (see page 33) | 43 | | |
| | 44 | Education credits. Attach Form 8863 | 44 | | |
| | 45 | Adoption credit. Attach Form 8839 | 45 | | |
| | 46 | Foreign tax credit. Attach Form 1116 if required | 46 | | |
| | 47 | Other. Check if from a ☐ Form 3800     b ☐ Form 8396  c ☐ Form 8801     d ☐ Form (specify) | 47 | | |
| | 48 | Add lines 41 through 47. These are your **total credits** | 48 | 0 |
| | 49 | Subtract line 48 from line 40. If line 48 is more than line 40, enter -0- ▶ | 49 | 0 |
| **Other Taxes** | 50 | Self-employment tax. Attach Schedule SE | 50 | 0 |
| | 51 | Alternative minimum tax. Attach Form 6251 | 51 | 0 |
| | 52 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 52 | 0 |
| | 53 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required | 53 | 0 |
| | 54 | Advance earned income credit payments from Form(s) W-2 | 54 | 0 |
| | 55 | Household employment taxes. Attach Schedule H | 55 | 0 |
| | 56 | Add lines 49 through 55. This is your **total tax** ▶ | 56 | 0 |
| **Payments** | 57 | Federal income tax withheld from Forms W-2 and 1099 | 57 | 2509 00 |
| | 58 | 1999 estimated tax payments and amount applied from 1998 return | 58 | |
| | 59a | Earned income credit. Attach Sch. EIC if you have a qualifying child | 59a | |
| | b | Nontaxable earned income: amount ▶ | | |
| | | and type ▶ | | |
| | 60 | Additional child tax credit. Attach Form 8812 | 60 | |
| | 61 | Amount paid with request for extension to file (see page 48) | 61 | |
| | 62 | Excess social security and RRTA tax withheld (see page 48) | 62 | |
| | 63 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 63 | |
| | 64 | Add lines 57, 58, 59a, and 60 through 63. These are your **total payments** ▶ | 64 | 2509 00 |
| **Refund** | 65 | If line 64 is more than line 56, subtract line 56 from line 64. This is the amount you **OVERPAID** | 65 | 2509 00 |
| | 66a | Amount of line 65 you want **REFUNDED TO YOU** ▶ | 66a | 2509 00 |
| **Have it directly deposited!** See page 48 and fill in 66b, 66c, and 66d. | b | Routing number | | |
| | | ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number | | |
| | 67 | Amount of line 65 you want **APPLIED TO YOUR 2000 ESTIMATED TAX** ▶ | 67 | |
| **Amount You Owe** | 68 | If line 56 is more than line 64, subtract line 64 from line 56. This is the **AMOUNT YOU OWE.** For details on how to pay, see page 49 ▶ | 68 | |
| | 69 | Estimated tax penalty. Also include on line 68 | 69 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See page 18. Keep a copy for your records.

| Your signature | Date | Your occupation | Daytime telephone number (optional) |
|---|---|---|---|
| *David Buffalo* | 4-9-2000 | Material Coordinator | |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation | |
| *Yvonne N Buffalo* | 4-9-2000 | Housewife | |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | | Date | | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address ▶ | | | | EIN | |
| | | | | ZIP code | |

Form **1040** (1999)

★ U.S. GPO: 1999 456-538

20F4

I, DAVID BUFFALO, am submitting this as part of my 1997 income tax return, even though I know that no section of the Internal Revenue Code:

1) Establishes an income tax "liability" as, for example, Code Sections 4401, 5005, and 5703 do with respect to wagering, alcohol, and tobacco taxes;

2) Provides that income taxes "have to be paid on the basis of a return"- as, for example, Code Sections 4374, 4401(c), 5061(a) and 5703(b) do with respect to other taxes; I am filing anyway because I know the government has prosecuted others for failing to file income tax returns by (erroneously) invoking Code Sections 7201 and 7203. Therefore, this return is not being filed voluntarily but is being filed out of fear that if I did not file this return I could also be (illegally) prosecuted for failing to file an income tax return for the year 1997.

3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
    a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.
    b) In another place, it directs me to Code Section 6001. This section provides, in relevant part, that "Whenever in the judgement of the Secretary it is necessary, he may require any person *by notice served on such person;* or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for the tax under this title." Since the Secretary of the Treasury did not "serve" me with any such "notice" and since no legislative regulation exists requiring anyone to file an income tax return, I am again informed by the "Privacy Act Notice" that I am not required to file an income tax return.

*4)* With respect to the information I included in my return, I wish to point out that the courts have ruled that: "A (1040) form with 'zeros' inserted in the space provided...qualified as a return." See *U.S. v. Long,* 618 F.2d 74 (9th Cir. 1980), *U.S. v. Kimball,* 896 F. 2d 1218 (9th Cir. 1990) *U. S. V. Moore,* 627 F. 2d 830 (7th Cir. 1980), and a Las Vegas bankruptcy court held that "Zeroes entered on a Form 1040 constitutes a return." *Cross v. U.S.,* 91-2 USTC p. 50,318, Banker. L. Rep p. 7404..

5) Please note, that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.

6) It should also be noted that I had "zero" income according to the Supreme Court's definition of income (See Note #1), since in *Merchant's Loan & Trust C. V. Smietanka,* 255 U.S. 509, (at pages 518 & 519) that court held that "The word (income) must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act of 1909." Therefore since I had no earnings in 199__, that would have been taxable as "income" under the Corporation Excise Tax Act of 1909, I can only swear to having "zero" income in 199__. Obviously, since I know the legal definition of "income", if I were to swear to having received any other amount of "income," I would be committing perjury under both 18 U.S.C. 1621 and U.S.C. 7206. Therefore, not wishing to commit perjury under either statute, I can only swear to having "zero" income for 199__.

7) I am also putting the IRS on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. My return and claim for refund is based on 13 Supreme Court decisions, 9 Internal Revenue Code Sections, 3 Privacy Act Notice provisions, and numerous other references. As such, it can not be termed "frivolous" *on any basis* as the term is defined and understood. Additionally, my return is not designed to "delay or impede the administration of Federal income tax laws," since it is designed to be my

*final statement* under those "laws." Furthermore, no IRS employee has any delegated authority to impose a "frivolous" penalty, nor is there any *legislative* regulation implementing Section 6702, therefore that Statute is benign.

8) Moreover, since no assessment for 19$\cancel{97}$ income taxes (as provided for in Chapter 63) has ever been made against me, the IRS has no legal basis to hold the $2 507.00 of my money it is now holding for 19$\cancel{97}$ income taxes.

9) In addition to paragraph 8 above, Code Sections 31(a)(1) and 1462 provide that any amount withheld under Section 3402 can be "credited against the amount of income tax as computed in such return." Therefore pursuant to these sections I am entitled to have refunded to me the full amount of this credit, which I am requesting that you send to me forthwith..

10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that. You might prepare a return (pursuant to Code Section 6020(b), where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personal to "change" that return.

11) Should the Service disagree with the figures and amounts shown on my tax return and claim for refund, then I demand an **office or field audit** to discuss these differences as required by the Administrative Procedure Act (APA), 5 USC 551 (1) as provided and specified for in **Treasury Regulation 601.105** and as specified and provided for in IRS documents, **Publication 5, Appeal Rights and Preparation of Protests for Unagreed Cases** and Publication 1; **Your Rights As A Taxpayer** before any "changes" in my return are made and/or any penalties are proposed or imposed. In addition, if any "determination" is made that changes in my return are warranted, I demand to be notified *as to where and when* I may "inspect" the "text of any written determination and any background file documents relating to such a determination" as provided by 26 USC 6110.

12) In addition, I will hold IRS employees who disregard the statutes, court decisions, Privacy Act Notice provisions and other references contained in this document, accountable, pursuant to 26 USC 7214 and 18 USC 241. Section 7214 makes it a crime for IRS agents to seek to extract "other or greater sums than authorised by law" and to engage in "extortion and wilful oppression under colour of law." To the extent that any IRS employees capriciously, wantonly, and arbitrarily disregard the court decisions, statutes, and other references contained in this document, they will be in criminal violation of these statutes, and are accordingly being *put on such notice.*

---

\***Note #1:** The word "income is not defined in the Internal Revenue Code. *U.S. v. Ballard*, 535 F.2d 400, 404. But, as stated above, it can only be a derivative of corporate activity. The Supreme Court has held this numerous times. "Whatever difficulty there may be about a precise and scientific definition of "income" it imports, as used here...the idea of gain or increase arising from corporate activities," *Doyle v. Mitchell*, 247 U.S. 179. "Certainly the term "income" has no other meaning in the 1913 Act than in that of 1909 (See; *Stratton's Independence v. Howbert*, 231 U.S. 406, Pages 409-413), and...we assume that there is no difference in its meaning as used in the two acts." *Southern Pacific Co. v. John Z. Lowe Jr.*, 247 U.S. 330, 335; *Bowers v. Kerbaugh-Empire Company*, 271 U.S. 170 (1926 page 174; *Goodrich v. Edwards*, 255 U.S. 527; *United States v. Supplee-Biddle Hardware Co.*, 265 U.S. 189; *United States v. Phellis*, 257 U.S. 156; *Miles v. Safe Deposit & T. Co.*, 259 U.S. 247; *Irwin v. Gavit*, 268 U.S. 161; *Edwards v. Cuba R. Co.*, 268 U.S. 628; *Burnett v. Harmel*, 287 U.S. 103, 108, (1932); *Lucas v. Earl*, 281 U.S. 111.

| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|
| 319.67 | 40.31 |
| 3 Social security wages | 4 Social security tax withheld |
| 319.67 | 19.82 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 319.67 | 4.64 |

| a Control Number | Dept | Corp. | Employer use only |
|---|---|---|---|
| 011112 AR6 | 030237 | | T        230 |

c Employer's name, address, and ZIP code

**ARAMARK UNIFORM SERVICES**
**INC.**
**115 N FIRST ST**
**BURBANK CA 91502**

| b Employer's FED ID number | d Employee's S.S.A. number |
|---|---|
| 95-3082883 | |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 13 See instrs. for box 13 | 14 Other |

| 15 Stat emp. | Deceased | Pension plan | Legal rep. | Deferred comp. |
|---|---|---|---|---|

e/f Employee's name, address and ZIP code

**YVONNE BUFFALO**
**22 ARTHUR ST**
**ROCKLAND, MA 02370**

| 16 State | Employer's state ID no. | 17 State wages, tips, etc. |
|---|---|---|
| MA | 953082.8831*0 * | 319.67 |
| 18 State income tax | 19 Locality name |
| 17.56 | |
| 20 Local wages, tips, etc. | 21 Local income tax |

**Federal Filing Copy**

**W-2** Wage and Tax Statement **1999**

OMB No. 1545-0008

Copy B to be filed with employee's Federal Income Tax Return.

Page 1 of 4

Form **1040** Department of the Treasury—Internal Revenue Service
**U.S. Individual Income Tax Return** 1999 (P) IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1999, or other tax year beginning , 1999, ending , 20 OMB No. 1545-0074

**Label** (See instructions on page 18.) Use the IRS label. Otherwise, please print or type. LABEL HERE

| | | |
|---|---|---|
| Your first name and initial: DAVID W | Last name: BUFFALO | Your social security number: 5019 |
| If a joint return, spouse's first name and initial: YVONNE W | Last name: BUFFALO | Spouse's social security number |
| Home address (number and street). If you have a P.O. box, see page 18. | Apt. no. | **IMPORTANT!** You must enter your SSN(s) above. |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 18. | | |

**Presidential Election Campaign** (See page 18.)
Do you want $3 to go to this fund? — Yes / No ✓
If a joint return, does your spouse want $3 to go to this fund? — Yes / No ✓
Note. Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** — Check only one box.

1. ☐ Single
2. ☑ Married filing joint return (even if only one had income)
3. ☐ Married filing separate return. Enter spouse's social security no. above and full name here. ►
4. ☐ Head of household (with qualifying person). (See page 18.) If the qualifying person is a child but not your dependent, enter this child's name here. ►
5. ☐ Qualifying widow(er) with dependent child (year spouse died ► 19 ). (See page 18.)

**Exemptions**

6a ☑ **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not** check box 6a.
b ☑ **Spouse**
c **Dependents:**

| (1) First name | Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 19) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

If more than six dependents, see page 19.

No. of boxes checked on 6a and 6b: ___
No. of your children on 6c who: • lived with you: 1
• did not live with you due to divorce or separation (see page 19): ___
Dependents on 6c not entered above: ___
Add numbers entered on lines above ►: 3

**W-2 Wage and Tax Statement 1999** — Federal Filing Copy. Copy B to be filed with employee's Federal Income Tax Return. OMB No. 1545-0008

| | |
|---|---|
| 1 Wages, tips, other comp.: 8908.11 | 2 Federal income tax withheld: 666.55 |
| 3 Social security wages: 8908.11 | 4 Social security tax withheld: 552.30 |
| 5 Medicare wages and tips: 8908.11 | 6 Medicare tax withheld: 129.17 |
| a Control Number: 006801 W3P | Dept. / Corp. / Employer use only: 6802 |
| c Employer's name, address, and ZIP code: HARVARD VANGUARD MEDICAL ASSOCIATES, 10 BROOKLINE PLACE WEST, BROOKLINE, MA 02146 | |
| b Employer's FED ID number: 04-3397450 | d Employee's SSA number: 5019 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 13 See instrs. for box 13 | 14 Other |
| 15 Stat emp. / Deceased / Pension plan X / Legal rep. / Deferred comp. | |
| e/f Employee's name, address and ZIP code: DAVID W BUFFALO, 22 ARTHUR STREET, ROCKLAND, MA 02370 | |
| 16 State: MA — Employer's state ID no.: 043397450 | 17 State wages, tips, etc.: 8908.11 |
| 18 State income tax: 423.82 | 19 Locality name |
| 20 Local wages, tips, etc. | 21 Local income tax |

**Income**

| Line | Description | Amount |
|---|---|---|
| 7 | | 0 |
| 8a | | 0 |
| 9 | | 0 |
| 10 | (see page 21) | 0 |
| 11 | | 0 |
| 12 | | 0 |
| 13 | ...here ► ☐ | 0 |
| 14 | | 0 |
| 15b | (see page 22) | 0 |
| 16b | (see page 22) | 0 |
| 17 | ...Schedule E | 0 |
| 18 | | 0 |
| 19 | Unemployment compensation | 0 |
| 20a | Social security benefits 20a ___ b Taxable amount (see page 24) | 20b 0 |
| 21 | Other income. List type and amount (see page 24) | |

...not staple, any payment. Also, please use Form 1040-V.

**W-2 Wage and Tax Statement** — Copy B To Be Filed With Employee's FEDERAL Tax Return. OMB # 1545-0008

| | |
|---|---|
| b Employer's identification number: 04-2312909 | 13 See instructions for Box 13 |
| c Employer's name, address, and ZIP code: BRIGHAM & WOMEN'S HOSPITAL, 10 VINING ST, BOSTON MA 02115-6198 | |
| 1 Wages, tips, other compensation: 33320.43 | 2 Federal income tax withheld: 1841.96 |
| 3 Social security wages: 33320.43 | 4 Social security tax withheld: 2065.87 |
| 5 Medicare wages and tips: 33320.43 | 6 Medicare tax withheld: 483.15 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12 Benefits included in Box 1 |
| 14 Other | |
| e Employee's name, address, and ZIP code: BUFFALO, DAVID W, 22 ARTHUR ST, ROCKLAND MA 02370-2455 | d Employee's social security number: 5019 |
| 15 Statutory employee X / Deceased / Pension plan X / Legal rep. / Deferred compensation | |
| 16 State: MA — Employer's state I.D. No.: 295911000002 | 17 State wages, tips, etc.: 33797.43 |
| 18 State income tax: 1597.18 | 19 Locality name |
| 20 Local wages, tips, etc. | 21 Local income tax |

This information is being furnished to the Internal Revenue Service.

Copy B for Employee's Federal Tax Return

Department of the Treasury—Internal Revenue Service

**Internal Revenue Service Center**          **Department of the Treasury**
**Northeast Region**
**310 Lowell Street**
**Andover, MA  05501**

Taxpayer ID Number:          -5019

Date: April 18, 2000

Tax Period(s): 1999

David W. & Yvonne W. Buffalo
22 Arthur Street                             Form:  1040
Rockland MA  02370

Person to Contact: Ms. Raines


Dear Mr. & Mrs. Buffalo:

We have determined that the information you sent is frivolous and your position has no basis in law.  Claims, such as yours, have been considered and rejected repeatedly as without merit by the Federal Courts – including the Supreme Court of the United States.  Therefore, we will not respond to future correspondence concerning these issues.

In answering your tax questions, we encourage you to seek advice from competent tax counsel or an attorney qualified to practice in your state.

This is to inform you of the potential consequence of the position you have taken and to offer you an opportunity to correct your position within 30 days from the date of this letter.


INTERNAL REVENUE CODE SECTION 6702 (FRIVOLOUS INCOME TAX RETURN) PROVIDES:

(a)   CIVIL PENALTY. - If -

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which -

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

( 2) the conduct referred to in paragraph (1) is due to -

(A) a position which is frivolous, or



(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individuals shall pay a penalty of $500.

(b)  PENALTY IN ADDITION TO OTHER PENALTIES. - The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

If you send us a correct return(s), we will disregard the previous document(s) filed and not assess the frivolous return penalty(s). Enclosed are individual income tax forms for your use.

If you do not respond within 30 days or if you file another document(s) taking a frivolous position, we will assess the frivolous return penalty on each document filed. Once the penalty is assessed, IRS will bill you for $500 for each frivolous document filed. You will be required to pay the full penalty prior to any reconsideration.

In addition, if we do not hear from you within the above time frame, we may issue a notice of deficiency. A notice of deficiency is a legal notice stating the amount of the tax increase and penalties and explaining your right to file a petition with the United State Tax Court.

Please attach this letter to your response and mail it to the address shown above. The copy of this letter is for your records.

Sincerely,

*Ms. Raines*

Ms. Raines

Enclosures:
Tax Forms
Copy of this letter
Envelope

Letter 3176 (SC) (Rev 12-98)

Department of the Treasury
Internal Revenue Service

Dear Ms Paines

Your letter of APRIL 18 & July 31 , (attached) identifies you as being Chief, Examination Branch. However, IRS Manual MT1100-34 ¶ 1132.74 defines the duties of the "Examination Branch," in part, as follows:

> "The Examination Branch administers an international examination program involving the selection and examination of all types of Federal tax returns filed with the Assistant Commissioner (International) ..."

GOVERNMENT EXHIBIT D

Since I am not involved in international commerce, and since I never filed tax returns with the Assistant Commissioner (International), and since I am not living abroad, nor engaged in making an offer and compromise, nor am I an IRS informant claiming a reward - I can find no provision in paragraph 1132.74 that would authorize you to contact me on *any* basis. This, of course, means that I do not even have to comment further on your ludicrous, unauthorized and extortionary letter, but I will do so anyway - because I can not allow the fraud and deceit it contains to go un-addressed.

Your letter threatened me with a $500 penalty (for allegedly filing a "frivolous" return for the year____ ) if I didn't file a different one which would be more to your liking. Let me point out that not only are you not authorized to contact me on *any* basis as shown in paragraph 1132.74 as cited above, but:

1) no IRS agent was ever delegated with any authority by the Secretary of Treasury to even impose such a "frivolous" penalty;

2) The Treasury has never issued a *legislative* regulation implementing Code Section 6702.

3) IRM 546 section 19(b)(2) states, "the civil penalty for non-compliance may be imposed by filing a suit in the name of the United States, naming the taxpayer as a defendant and securing a judgment." (See also 26 USC 7401, 7402, 7403)

4) In addition, Section 6702(b) states that "The penalty imposed by subsection (a) shall be *in addition* to any other penalty provided by law." Therefore the $500 penalty provided in 6702 can only be imposed "in addition" to some other penalty being imposed. By statute, it can not be imposed alone. "In addition to" means something added to what preceded it. See *State v. Erickson*, 244 P. 287, 295 75 Mont. 429; *Gray v. Tarbox*, 127 P.2d 669, 6709, 14 Wash 2d 237. "*In addition to* means not exclusive of, but by way of increase or accession to." *Washington Loan & Trust Co. v. Hammond*, 51 App. D.C. 260, 576. "*In addition to*" does not mean "in lieu of" *Wolder v. Rahm*, 249 N.W.2d 630; *Glassman Constr. Co v. Baltimore Brick Co.,* 246 Md. 478, 481, 228 A.2d 472, 474 (1967); *O'Day v. O'Day*, 228 Iowa 650,

2

651, 292 N.W. 516, 517 (1940). Therefore, since no *other* penalty has been imposed in connection with my 199___ return, the $500 frivolous penalty *can not be imposed either*. Thus the imposition of a $500 frivolous penalty will be illegally imposed *just on this basis alone* - overlooking all other considerations as to why the penalty does not legally and factually apply.

5) *In addition to all of the above:*

"Under both the due process clause, *see Lipke v. Lederer,* 259 U.S. 557, 562, 42 S.Ct. 549, 551, 66 L.Ed 1061 (1922) and the APA,  *see* 5 U.S.C. Par. 554, 556 (1988), *a party has a right to notice and a hearing before being forced to pay a monetary penalty.*" (emphasis added) *Air Transport Ass'n of America v. Dept. of Trans.,*  900 F2d. 369, 376 (D.C Cir. 1990)

Therefore, based on all of the above, Code Section 6702 is totally benign and has no force and effect of law whatsoever.  Consequently if employees of the IRS impose such a penalty on me and/or try to collect it by distraint (by using fraudulent Notices of Levy), I will not only sue for recovery based upon the above information, but will also file criminal charges against such employees pursuant to Code Section 7214 and 18 USC 241.

In addition I have also attached an excerpt from the Supreme Court decision *FEDERAL CROP INSURANCE CORP v. A. A. MERRILL,* 332 U.S. 380  Note that the Court held in that decision that:

Anyone entering into an arrangement with the government *takes a risk* of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority. (emphasis added)

Note that the Supreme Court in this decision *warns* the public that those who pay attention to what federal employees say "take the risk" that such employees may not be acting "within the bounds of (their) authority" and that such employees may even be "unaware of the limitations of (their)authority."

Well I am not *PREPARED TO TAKE THAT "RISK."*

Therefore, I am demanding a meeting to see if you have the authority to determine whether anybody's tax return is "frivolous" - *in order and to avoid my having to "take the risk"  described in the Supreme Court case cited above.*

In addition, IR Code Sections 6001 and 6011 (as identified in the 1040 Privacy Act Notice) notifies me that I need only "comply with regulations." **Nothing in that Privacy Act Notice informs me that I have "comply" with *unsigned* letters and/or "determinations" *mailed to me by the IRS.***

Therefore, based on all of the above, I demand am office audit/meeting pursuant to 5 USC 556(d) (and *Air Transport Ass'n of America v. Dept. of Trans.,* as quoted above) where I might "present (my) case or defense by oral (and) documented evidence, (and) submit rebuttal evidence, and conduct such cross-examination as may be required for a full and true disclosure of the facts" as provided for by 5 USC 556(d).  At that meeting I shall expect that you will have available:

1. A copy of the "written determination" as to how and why the $500 frivolous penalty was imposed, and the "background file documents" relating to that determination, as provided by section 6110 of the Internal Revenue Code.

3

2. Since Sections 6001 and 6011 (as referred to above) only direct me to **comply with Treasury regulations,** I will expect you to have the Treasury regulation that imposes upon me a legal obligation to treat seriously your *frivolous* "determination."

3. Your Delegation Order from the Secretary of the Treasury authorizing you to make a final "determination" as to what constitutes a "frivolous" return.

Without these documents I will be unable to "ascertain" (pursuant to the **Federal Crop** decision cited above) whether the IRS agents who determined that my 199__ income tax return was "frivolous" acted "within the bounds of (their) authority." I will be calling you to arrange a time and place for that meeting.

In preparation for that meeting, and in addition to all of the above, the following will further establish that my 199_9_ tax return was not frivolous. A return can only be "frivolous" pursuant to 26 U.S.C 6702, if it:

(1)

(A) "does not contain information on which the substantial correctness of the self-assessment may be judged, or"

(B) "contains information that on its face indicates that the self-assessment is substantially incorrect."

Also, the conduct, as described above, must have been due to *either*

(2)

(A) " a position which is frivolous," or

(B) taken "to delay or impede the administration of Federal income tax laws."

No "self-assessment" was shown on my 19_77_. For a variety of reasons (as addressed in my return), my 19_99_ return indicated that I had no "income" in that year and so did not owe any income taxes. Therefore, no "self-assessment" was made on that return. The "zeros" shown on my return reflected my claim that I had no "income" for that year, consequently I did not owe any income taxes; and therefore, no "self assessment" was made on that return, and therefore no assessment pursuant to Code Sections 6201 and 6203 was possible. Section 6203 states, in relevant part, that, "The assessment shall be made by recording the liability of the taxpayer...." Obviously, *the Secretary is not authorized to record and assess the absence of a liability,* which is what a my 199_9_ "zero" income tax return showed. Therefore **without** a "self-assessment" having been made on that return, no "frivolous" penalty can apply. See *Fuller v. United States,* 615 F. Supp. 1054 (D.C. Cal 1985) In addition, there is no *legislative* Treasury regulation **_that requires me to correctly "self-assess" myself._** Therefore, if there *is no legislative regulation that requires me to correctly "self-assess" myself - how can I be penalized for not doing it?*

However, my return *does* contain information on which the substantial correctness of my failure to make a self-assessment can be judged. My claim to having received "zero" income is based on no less than 15 Supreme Court cases all of which held that the word "income" as used "in all of the income Tax Acts of Congress" has the same meaning "that was given to it in the Corporation Excise Tax Act (of 1909)". And since I had no "income" that would have been taxable under the Corporation Tax Act of 1909, I had no "income" that can be taxable as "income" today. Your letter makes no mention of these Supreme Court cases, let alone any attempt to show how my reliance on them is misplaced. Therefore,

your claim that my return does "not contain information on which the substantial correctness of (my failure to make a) . . . self-assessment may be judged" flies in the face of at least 15 Supreme Court decisions.

Based on the above, it would be arbitrary and capricious to claim that the information in my 19 _99_ return "on its face indicates that the self-assessment is substantially incorrect." The figures and cases cited in my return "indicate" that my failure to make a "self-assessment" was correct, and your letter contains no evidence to the contrary. Thus, my return does not fall into any of the first two threshold paragraphs which must be met *before* the next two conditions *can even apply* - the first one being that my position would, have to reflect "a position which is frivolous." Now, "frivolous" is defined in the "New World Dictionary, Second College Edition," as follows:

1. of little value or importance; trifling; trivial.

2. Not properly serious or sensible; silly and light minded; giddy

Based on this definition, it is apparent that my 19___return was not frivolous, since it was supported by quotations and citations from no less than:

1. 15 Supreme Court cases, and one appellate decision, with

2. references to five other supporting court decisions, *fourteen statutes* and one Treasury Regulation, and

3. supporting references to Privacy Act Notice provisions (as contained in the 1040 booklet) and two relevant IRS Publications.

And none of these references were even addressed, let alone refuted in your letter of _April 18_, 1999_.

In addition, my return most certainly does not seek to delay or impede the administration of Federal income tax laws." Indeed my return - which was designed to be a *final statement* of my position - stated that no such "laws" exist, by pointing out that "no Code Section made me 'liable' for income taxes" - and this claim went unchallenged, let alone refuted, by your letter. So any claim that my return sought to "delay or impede" laws that my return contended do not exist is fallacious. You could have easily refuted my contentions by simply identifying the Code Section that made me "liable" for income taxes in your letter of _April 18_, 199, but you did not do so. Therefore, your contention that my return sought to "delay or impede" the administration of federal income tax "laws" is totally unsupported by *any* fact.

As was pointed out in my return, the Privacy Act Notice in the 1040 book notified me that I need only file "a return or statement" for _any_ tax I might be "liable" for - but nowhere in that Notice was a statute identified that made me "liable" for, or required me "to pay" or **"self-assess" myself with such a tax.** This is in sharp contrast with the comparable Notice contained in IRS From 730, which specifically identifies Form 730 (in *three* places) as the return that bookmakers must file in connection with the federal wagering tax – while also notifying them that Code Sections 4412 and 4401(a) made bookmakers "liable" for the federal wagering tax and required them to pay that tax. No such specific and comparable language appears in the Privacy Act Notice contained in a 1040 booklet. Why?

The only Code sections identified in the 1040's Privacy Act Notice as allegedly applying to income taxes are Code Sections 6001, 6011, and 6012 and none of them identifies any statute which: makes me "liable" for income taxes, requires me "to pay" such a tax; *or requires me to accurately "self-assess" myself with any such tax.*

5

Code Section 6001, for example, merely states that "Every person liable for any tax ...shall ...(do various things)...and *comply with such rules and regulations* as the Secretary may from time to time proscribe." For one thing, this Code Section informs the public that it need only "comply with regulations." Secondly, this Code Section does not even mention income taxes, let alone inform the public how they are to determine if they are "liable "for such a tax. In addition, Section 6001 further states that "Whenever in the judgment of the Secretary it is necessary, he may require any person by *notice served upon such person* or by regulation to make such returns..." Since no such Notice was ever "served upon" me and since <u>no such mandatory, legislative regulation is identified</u> (nor can I find one), Code Section 6001 actually notified me that I was not required to file and "self-assess" myself with any tax.

Similarly, Code Section 6011 states, "When required by regulation...any person made liable for any tax..." shall do certain things. However, like Code Section 6001, Section 6011 does not even mention income taxes, let alone *identify any regulation* that "requires" me to do anything with respect to income taxes.

And Code Section 6012 does not even contain the word "liability," "liable," or "self-assessment"; therefore, this section can have nothing to do with making me "liable" for income taxes or putting me on notice that I am required to "self-assess" myself.

Thus none of the three Code sections identified in the 1040 Privacy Act Notice informs me:

      1) how and when I become "liable" for income taxes;
      2) <u>that I am required to "self-assess" myself in connection with income taxes</u>; or
      3) that I am required "to pay" an income tax.

So, all three Code sections merely confirm that I was not required by law, to pay an income tax or "self-assess" myself with any such tax, as was clearly covered in the statement incorporated in my 199_7_ income tax return – in which I also cited no less than seven Internal Revenue Code sections that established such conditions with respect to other federal taxes.

In addition your letter claiming that I had filed a "frivolous" income tax return made no mention at all of my claims (let alone refute them) that:

    1.  No  Section of the Internal Revenue Code makes me "liable" for income taxes.
    2.  "Income" is not defined in the Code.
    3.  The Supreme Court defined "income" as being a corporate profit.  And
    4.  Since I know the constitutional definition of "income," if I were to swear
        under penalty of perjury to receiving anything other than "zero" income, I would be
        swearing falsely, and thus I would be committing perjury under at least two statutes.

**_NOW,  IN ADDITION TO EVERYTHING ELSE_** - The Legislative History for 28 USC 6702 is Sec. 343 of P.L. 97-248, and it specifically states that "The penalty will be imposed, therefore, only on purported returns that are patently improper and not in **cases involving valid disputes with the Secretary. " (emphasis added).** Clearly, my above four claims (as well as numerous other claims contained in this letter) constitute "<u>valid disputes with the Secretary</u>," and they simply can not be ignored by arbitrarily, capriciously, and arrogantly dismissing them as "frivolous."

The individual responsible for imposing the $500 "frivolous" penalty on me had better be prepared at this hearing (or at a later deposition) to explain the meaning of "income," the source where he/she got

6

it, and why the Supreme Court decisions cited and quoted in my return do not apply. And don't think you are going to get away with claiming that the definition of either "income" or "gross income" can be found in Section 61. You are hereby put on notice that Section 61 attempts to define "Gross Income" by using the word "income" in its definition. Since you can not define a word by using the same "word" in the definition, Section 61 does not define "gross income". Let me put it another way, so you will be sure to get it. Since nowhere in the Code is "income" itself defined, then "Gross Income" is not defined either.

To correctly understand the meaning of "Gross Income" as used in Section 61, one must substitute "gains and profits" for the word "income" - as that term is used in that definition. Besides, Section 61 does not put a tax "ON" anything, it allegedly puts a tax on "profit and gains" "FROM" certain sources. Since corporations pay no taxes on their income only on their profit, and since Code Section 61 does not define "income" one way for corporations and *another way* for individuals - whatever "income" means for corporations, also applies to me. And since corporations only pay income taxes on their profits, this must apply to me as well. And since I do not generate a profit (since my earnings are not funneled through a profit and loss statement) I do not - as do corporations that do not generate profits - receive anything that can be taxable as "income."

And lastly, by claiming that my "zero" income return is frivolous you are illegally and arbitrarily ignoring the two Ninth Circuit decisions (cited and quoted in my return) which held that "A (1040) form with 'zeros' inserted in the space provided...qualified as a return." *US v. Long*, 618 F.2d 74 (1980) & *US v. Kimball* 896 F.2nd 1218 (1990) - *and I am relying on these decisions, so how can my return be frivolous?* While the IRS claims that it is not bound by appellate court decisions in other circuits - it is absolutely bound by these decision in the Ninth Circuit. So your claim that a "zero" income return does not qualify as a legitimate return when the Ninth Circuit has already held (in two decisions) that it does - flies in the face of these Ninth Circuit decisions which are absolutely binding on the IRS in this State of M ASS____. You may not ignore this fact with impunity.

If you believe I have sworn falsely on my 1999___ return, than you *only have two legal options.* You can either send me a Deficiency Notice and we will litigate our differences in Tax Court; or you can charge me with perjury.

Instead, you insist on disregarding the law (and all of the statutes and relevant material cited herein) and arbitrarily and illegally seek to impose a $500 penalty on me, and then hope to collect it by distraint. If I am compelled to institute a law suit to recover such funds, I will seek *punitive damages* (in addition to seeking recovery of the penalty and all costs), because of the totally illegal and arbitrary manner in which the penalty would have been imposed and extracted - and the totally unnecessary need for me to have instituted such a law suit. The IRS is not going to get away with the attitude - "Since we have nothing to lose, let's arbitrarily impose the penalty."

Constitutionally yours,

Law Abiding Citizen



CERTIFIED MAIL

7000 0600 0029 0371 9938

Internal Revenue Service
Andover, MA
05501

ATTN: Ms. Raines

U.S. POSTAGE
PAID
BOSTON, MA
0225
SEP 20, 00
AMOUNT
$3.20
00079771-98

UNITED STATES
POSTAL SERVICE

RETURN RECEIPT
REQUESTED

BUFFALO
22 Balthue St
Rockland, MA
02370

**IRS** Department of the Treasury
Internal Revenue Service
PHILADELPHIA, PA   19255-0029

Notice Number: CP92
Notice Date: MAY 24, 2004
Social Security Number:

7105 5678 7182 7409 4337

—5019

Collection Assistance:
1-800-829-3903

DAVID W BUFFALO
22 ARTHUR ST
ROCKLAND   MA   02370-2455228

Amount of State Refund Levied:
$          $39.00

RECEIVED

RECEIVED

JUN 30 2004   NOTICE OF LEVY ON YOUR STATE TAX REFUND
ACS SUPPORT   NOTICE OF YOUR RIGHT TO A HEARING

0 6 2 3 2004

IRS–PHILA, PA

We levied      $39.00 of your state tax refund to pay your unpaid federal tax. This correspondence is your notice
that the Internal Revenue Code section 6330 allows you to appeal (challenge) the levy we placed on your state tax refund.

## HOW TO MAKE AN APPEAL

If you wish to make an appeal, complete the enclosed Form 12153, *Request for a Collection Due Process Hearing*, and make sure we receive it within 30 days from the date on this notice. Please use the enclosed envelope and return Form 12153 or a written request for a Collection Due Process Hearing along with a copy of this notice. This is your only opportunity to challenge the levy on your state tax refund. If we do not receive your request within the required time period, you lose your right to appeal any enforced collection action we take on the tax period(s) shown on page two of this notice. For more information on your current tax situation and to assist you in the future, we have enclosed Publication 1660, *Collection Appeal Rights*, and Publication 594, *IRS Collection Process*.

## WHAT HAPPENS TO YOUR TAX ACCOUNT

- If the amount of your state tax refund is more than the federal amount you owe, we will refund any excess state tax refund to you in approximately six weeks.

- If the amount of your state tax refund is less than the federal amount you owe, please pay the full amount you owe immediately. This will help to avoid additional penalties and interest.
  1. Make your check or money order payable to **United States Treasury,**
  2. Write your Social Security Number, form number(s) and tax period(s) on your payment, and
  3. Send your payment and the attached payment stub to us in the enclosed envelope. The amount you owe is shown on the next page.

- The amount you owe includes tax, penalties, and interest that you still owe, and also reflects any credits and payments we've received through the date of this notice. Penalty and interest charges continue to accrue until the total amount you owe is paid in full. These charges are known as Statutory Additions and are explained on the following pages.

- If you cannot pay the full amount you owe, please call us immediately at the telephone number listed above. We may be able to set up a payment arrangement. Be ready to tell us your monthly income and expenses, so we can help you resolve this tax matter.

- If the amount we levied from your state tax refund didn't full pay the total amount you owe, you don't pay or make arrangements to pay the amount you owe, or you don't make an appeal to the levy within the required time period, we may take additional enforced collection action against your assets. Your assets could include real estate, automobiles, business assets, bank accounts, wages or your rights to such.

Enclosures:
Copy of this letter
Publication 594, IRS Collection Process
Publication 1660, Collection Appeal Rights
Form 12153, Request for a Collection Due Process Hearing
Envelope


GOVERNMENT
EXHIBIT
E

CP 92 (Rev. 07-2003)

**Internal Revenue Service**
Appeals Office
10 Causeway Street
Room 493
Boston, MA  02222

Date:         APR 15 2005

DAVID W BUFFALO
22 ARTHUR STREET
ROCKLAND MA 02370

**Department of the Treasury**

**Person to Contact:**
 Lisa S. Boudreau
 Employee ID Number: 04-05025
 Tel:  (617) 788-0634
 Fax: (617) 788-0675
**Refer Reply to:**
 AP:FE:BOS:LSB
**SSN/EIN Number:**
 -5019
**Tax Type/Form Number:**
 Civil Penalty
**In Re:**
 Collection Due Process Hearing
 (District Court)
**Tax Period(s) Ended:**
 12/1999

**Certified Mail**

### NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Sir:

We have reviewed the taken or proposed collection action for the period(s) shown above. This
letter is your Notice of Determination, as required by law. A summary of our determination is
stated below. The attached statement shows, in detail, the matters we considered at your Appeals
hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to
file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider
your appeal if you file late. If the court determines that you made your complaint to the wrong
court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case
will be returned to the originating IRS office for action consistent with the determination
summarized below and described on the attached page(s).

GOVERNMENT
EXHIBIT
F

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
Issuance of the Fianl Notice and the proposed levy action are fully sustained.

Sincerely,

Edwin Arcaro
Appeals Team Manager

Attachment to Letter 3194(DC)
Taxpayer: David W. Buffalo

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Date CDP Request Received or Postmark | Code Section |
|---|---|---|---|---|
| Civil Penalty | 12/31/1999 | 5/24/2004 | 6/23/2004 | 6330 |
| | | | | |
| | | | | |

As the taxpayer's request for a Collection Due Process (CDP) Hearing under IRC §6330 was within 30 days from the date of the Final Notice the taxpayer was granted a Collection Due Process hearing in this matter.

## Summary and Recommendation

David Buffalo filed form 12253 in response to a Notice of Levy on Your State Tax Refund and Notice of Your Right to a Hearing issued on May 24, 2004.

## Background

David W. Buffalo had not filed process able forms 1040 in at least the last six years. He is a fifty-seven year old wage earner employed by Brigham and Women's Hospital and Harvard Vanguard Medical Associates. Mr. Buffalo owns his home in Rockland, Massachusetts.

The penalty at issue stems from a frivolous form 1040 filed for the calendar year ending December 31, 1999. Mr. Buffalo filed form 1040 for 1999 jointly with his wife, Yvonne. The form 1040 consisted of all zeros, except for the lines for income tax withheld and refund. The return requested refund of the entire amount of the Buffalo's withheld tax in the amount of $2,509.00. The form 1040 was filed with form W-2 indicating that in fact Mr. and Mrs. Buffalo had wages of $42,530.21. Attached to the form 1040 was a 12 point statement requesting refund of the tax withheld, claiming that their income was zero and that this was not a frivolous return. On April 18, 2000 Letter 3176 (SC) was sent to the Buffalos giving them the opportunity to file and correct return within 30 days and avoid the frivolous return penalty. The Buffalos did not file a correct return and the penalty was asserted.

Mr. Buffalo's income tax returns for the years ending December 31, 1999 through December 31, 2002 were prepared under Internal Revenue Code §6202. Mr. Buffalo petitioned the tax court in response to the Statutory Notice of Deficiency and the tax court case is in progress. Appeals Officer Charles Kerivan secured and reviewed all income tax returns from 1999 through 2003.

## Discussion and Analysis

### MATTERS CONSIDERED AT THE APPEALS HEARING

## I. Applicable Law and Administrative Procedures.

A review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the proposed levy have been satisfied.

This hearing was provided under IRC Section 6330 with respect to the subject levy. A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment, is made at his last known address, as provided for in IRC § 6303. Review of transcripts has confirmed the tax was assessed, notice and demand was mailed to the taxpayer at his last known address, and there is still a balance due.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

Our records indicate that a state tax refund of $39.00 has been levied as part of the State Income Tax Levy Program (SITLP). The SITLP matches a database of delinquent taxpayers against a database of participating states' tax refunds. The program is administered pursuant to Section 6331 of the Internal Revenue Code (IRC). Under these circumstances there is an automated levy against state tax refunds, prior to issuance of a Collection Due Process (CDP) notice, if applicable. The taxpayer has a right to a hearing after levy action has taken place, per IRC 6330(f)(2). Our records indicate that on May 3, 2004, levy proceeds in the amount of $39.00 were applied to this account. The record further indicates that on May 24, 2004, David W. Buffalo was issued CP092, "Notice of Intent to Levy Your State Tax Refund Notice of Your Right to a Hearing". This notice advises the taxpayer of the amount levied from his state tax refund. In addition, the notice explains the procedure for requesting a Collection Due Process (CDP) hearing or equivalent hearing, if applicable. In a letter postmarked June 19, 2004 and received June 23, 2004, the taxpayer requested a hearing via Form 12153 "Request for a Collection Due Process Hearing".

Section 6330(b) guarantees the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer assigned to hear this case has had no prior involvement with respect to any of the tax liabilities.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

The collection statute and collection actions were suspended.

- 3 -

## II. Relevant Issues Presented by the Taxpayer.

A face to face conference was held with the taxpayer on October 7, 2004. The conference was recorded at the taxpayer's request. Acting Appeal Team Manager Paul Reska was present at the conference. At the conference Mr. Buffalo indicated that he would like to abandon his previous stance and get all of the tax issues taken care of. He stated that he would file all outstanding returns through Mr. Kerivan and would like an installment agreement to take care of the outstanding balance for forms 1040 and the civil penalty at issue.

- **Challenges to the Existence or Amount of the Liability.** Although Mr. Buffalo initially challenged the liability, once the basis was explained to him at the conference he did not make any further challenges.

  Revenue Ruling 2004-34 published March 22, 2004 specifically addresses zero returns.

  *"CIVIL AND CRIMINAL PENALTIES*
  *The Service will disallow any refund claim based on the filing of a zero return and will determine the correct amount of tax due from the taxpayer. The Service also will seek the return of any erroneous refund resulting from a zero return. In addition to liability for tax due plus statutory interest, individuals who claim tax benefits on their returns based on this and other frivolous arguments face substantial civil and criminal penalties. Potentially applicable civil penalties include: (1) the section 6662 accuracy-related penalty, which is equal to 20 percent of the amount of taxes the taxpayer should have paid; (2) the section 6663 penalty for civil fraud, which is equal to 75 percent of the amount of taxes the taxpayer should have paid; (3) a $500 penalty under section 6702 for filing a frivolous return; and (4) a penalty of up to $25,000 under section 6673 if the taxpayer makes frivolous arguments in the United States Tax Court."*

  The taxpayer did not bring up any valid challenge to the liability.

- **Challenges to the Appropriateness of the Proposed Collection Action.** Mr. Buffalo indicated that he felt that an installment agreement would be more appropriate than the proposed action.

- **Collection Alternatives Offered by the Taxpayer.** Several collection alternatives were discussed at the hearing. The possibility of fully paying the liability at issue and then addressing the form 1040 liabilities at a later date was discussed. An alternative resolution was also raised of continuing the hearing until the original returns were all provided to Mr. Kerivan, and then entering into an installment agreement encompassing all of the liabilities. Mr. Buffalo proposed an installment agreement as a collection alternative. He subsequently filed all of the outstanding returns in conjunction with his tax court petition for forms 1040. Although those returns are not yet assessed, it appears that the total unpaid balance of assessment for those returns and the frivolous return penalty at issue will total under $25,000.00. Mr. Buffalo updated his withholdings

4 -

to the correct amount by filing a corrected form W-4 with his employer. Mr. Buffalo provided a Collection Information Statement indicating that he was able to pay just over $400.00 per month on an installment agreement. He would qualify for a streamlined installment agreement of $403.00 per month.

On February 17, 2004 an installment agreement, form 433-D, was sent to Mr. Buffalo for signature and return by March 16, 2005. Mr. Buffalo did not sign and return the agreement or contact the appeals office. Although a viable collection alternative was proposed, Mr. Buffalo did not agree to the alternative.

• **Other Issues Raised by the Taxpayer**. No other non frivolous issues were raised.

## III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

A viable alternative to the proposed levy action was discussed during the Collection Due Process hearing. The taxpayer was given the opportunity to enter into an installment agreement to satisfy the liability. He did not sign the installment agreemet or otherwise contact the appeals office. As he did not agree to the viable collection alternative that was proposed, no viable alternative exists. This analysis indicates that the action taken by the Service in the levy upon the taxpayer's state income tax refund and issuance of the Final Notice provided for the efficient collection of the taxes despite the potential intrusiveness of enforced collection. Further levy action is sustained.

# Request for a Collection Due Process Hearing ~~RECEIVED~~

**RECEIVED**

0623 2004

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy** and **Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s): DAVID BUFFALD

*(Print)* Address: 22 ARTHUR ST    ROCKLAND, MA    02370 -2455

Daytime Telephone Number. _____    Type of Tax/Tax Form Number(s): _____

Taxable Period(s): 1999

Social Security Number/Employer Identification Number(s): _____ 5019 _____

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

___ **Filed Notice of Federal Tax Lien (Explain why you don't agree. Use extra sheets if necessary.)**

✓ **Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)**

**RECEIVED**

JUN 30 2004

ACS SUPPORT
CLERICAL

**RECEIVED**

JUL 8 2004

PIRSC
Collection Due Process

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _____

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____    IRS Received Date: _____

Employee Telephone Number: _____

**GOVERNMENT EXHIBIT**

G

U.S. POSTAGE
PAID
ROCKLAND, MA
02370
JUN 19' 04
AMOUNT
**$2.90**
00035603-09



9255

TED STATES
TAL SERVICE

9261

**CERTIFIED MAIL**

7099 3400 0010 2407 7146

IRS
Philadelphia, PA
19255-0029

1925510023

Buffolo
22 Arthur st
Rockland, Ma
02370-2456

Certified Mail # 7099 3400 0010 2407 7146          June 19, 2004

To: IRS                                             RECEIVED
Philadelphia, Pa
19255-0029                                          0 6 2 3 2004

**Subject**: Common law, FOIA, and PA, Formal Demand for the Revelation of ~~issue~~PHILA., PA
jurisdiction and authority and demand for due process hearing.          **648**

**Scope**: All Documents demonstrating any US or USA and/or state
venue/jurisdiction/authority and all such interests in or over the being or property of the
undersigned (Demandant).

**Authority**: Common law, FOIA and PA. LWIN V. I.N.S., 144 F3d 505 (7th Cir. 1998)
                    "Agencies must respond to the arguments made to them."

### DOCUMENTS DEMANDED

COPIES OF ALL DOCUMENTS that are in your possession, under your control, or within
your system of records, such documents demonstrating that the undersigned is a party to
any social compact or contract which can be demonstrated to operate to confer any
contractual, controlling, insurable, lawful, legal, pecuniary, regulatory, or any other interest
in the being or property of the undersigned to the benefit of the US or USA or state,
inclusive of it's aforementioned affiliates, agencies, agents, assignees, creditors,
employees, franchisees, representatives, and servants, etc.

Any documents which would show that the undersigned is within the venue and jurisdiction
or authority of this "Federal" agency.

> Note: "Federal" was defined in Constitutional Convention as a
> government only having power to operate upon the several states.

> This was verified by the cases of US v Lopez, 115 S.Ct.1624 and
> Hagans v Levine, 415 US 528 at 533.

> 'The Framers of the First Amendment "did not trust any government to
> separate the true from the false for us."'
> Kleindienst v. Mandel, 408 U.S. 753, 773 (1972) (quoting Thomas v. Collins, 323
> U.S. 516, 545 (Jackson, J., concurring)).
> "They protected the people against secret government."
> Detroit Free Press v. Ashcroft, 195 F. Supp. 2d 937.

**IF THERE ARE NO DOCUMENTS**, that are responsive to document the demand, **SO indicate, in your written response.**

IF any documents are CODED with other than the plain English language, such that an ordinary publicly high school educated Citizen could not effectively read the context thereof, then these documents must be decoded to ordinary English.

1.  Documents demonstrating that the undersigned is a citizen of the United States, or USA and/or the state.

2.  Documents demonstrating that the undersigned owes any allegiance to The United States or USA and/or the state.

3.  Documents of any Power(s) of Attorney or Appointment, such power(s) of attorney or appointment executed by the undersigned authorizing any party to create any debt or obligation on behalf of the undersigned, where any such debt would operate so as to cause the undersigned to become a third-party obligor upon such representative-created debt.

4.  Documents demonstrating the undersigned has voluntarily agreed to underwrite any Public (government) debt of The United States or USA or state, as a third-party obligor thereto.

5.  Documents demonstrating that the undersigned is subject to the venue and/or jurisdiction of your Constitution for the United States, US Code, US Regulations, any rules, policy or custom of the US or USA.

    Note: "Sovereignty itself is, of course, not subject to law, for it is the author and source of law;" Yick Wo v. Hopkins, 118 US 356, 370

6.  Documents demonstrating any lawfully acquired United States, state or any government interest(s) in the undersigned, his being, or his property.

7.  Documents demonstrating any lawfully acquired United States or state jurisdiction (personal or rem) over the undersigned, his being, or his property.

8.  Documents demonstrating that the undersigned is subject to the jurisdiction of the Congress, Executive, or Judicial Branch of the US or USA in any manner.

9.  Documents demonstrating that any provisions set forth in the Constitution of the United States or Bill of Rights have been either superseded, suspended, or abolished for any reason, whatsoever.

10. Documents demonstrating that the Congress of The United States or USA has delegated it's authority to lay and collect a tax to the agency known as IRS.

    Note: The Doctrine of Separation of Powers forbids this.

11. Documents demonstrating that the undersigned is a "Person, Individual, or taxpayer" as defined under IRC or its regulations.

12. Documents demonstrating that the undersigned is engaged in any criminal activity, "Interstate commerce or has a trade or business effective connected with the United States" or is an officer of a corporation, government official, mariner, Indian, officer, employee, subject or elected official of the US or USA.

13. Documents demonstrating that the undersigned is not entitled to refunds of taxes erroneously withheld from his payment for labor performed by him for himself for all years of record.

14. Documents demonstrating that the undersigned is subject to withholding or that the payor filing any information reports is an authorized appointed withholding agent.

15. Documents demonstrating any default at law of undersigned.

16. Documents demonstrating any authority to SFR a 1040 form or tax.

17. Documents upon which any deficiency is based and any forms 1120, 2209, 3614, 4089, 5471, 5172, 5344, 4549, 1902, 4666, 895, 3198, 5278, 5546, any variety of the foregoing forms or suffix variations.

18. Documents or case cites of authority that would indicate that any of the following not all inclusive rights have been abrogated by notorious intent by any statute at large or any session law:

Law of the Land right to question venue, jurisdiction, authority or abuse of public office.
Law of the Land right to earn a living.
Law of the Land right to acquire property.
Law of the Land right to be secure in property.
Law of the Land right to control property.
Law of the Land right to be not subject to Bill of Pains and Penalties.
Law of the Land right to not be subject to Corruption of Blood.
Law of the Land right to be left alone.

## DOCUMENTS AND/OR RECORDS NOT BEING SOUGHT

At this time, the undersigned is NOT seeking documents and /or records containing any manner of writing which cannot be associated with, which is not pertaining to, or which cannot otherwise be identified with the undersigned, either directly or indirectly.

## SECRET DOCUMENTS AND/OR RECORDS

If some of those demanded documents and/or records are alleged exempted from release by the agency, please send the undersigned those portions that are reasonably separable, and provide the undersigned with an indexing, itemization, and detailed justification for withholding such documents from disclosure under common law.

## EXPECTATIONS

The undersigned expects those demanded documents and/or records to be organized in an intelligible manner, and referenced or indexed to the aforementioned paragraphs one through eighteen. Any coded documents must be supplied with copies of appropriate cipher of codes as well as the decoded document to ordinary <u>English language</u>.

## APPROPRIATE RECIPIENT

If this demand for documents and/or records is improperly addressed to you in your official capacity, please forward to the appropriate person, thereafter immediately informing the undersigned of such forwarding, inclusive of such appropriate person's name, title, mailing address with the correct postal zone, and with the date of origin and location of such forwarding action.

## CAVEAT

The undersigned fully expects a prompt response to this demand with a reasonable expectation of two weeks. If there is any delay in response, then any pending administrative action in this case must be stayed till such documentation is delivered and a reasonable time to given to inspect such documents for evidence of Fraud, Venue, Jurisdiction and Authority.

**Any refusal to disclose such documents, computer codes, or proof of venue jurisdiction will be grounds for estoppel in any redress court action and foundational grounds for ex parte suits. Silence is equated with default and fraud.**

## CERTIFICATION

I, David Buffalo, Sui Juris, and the Sovereign spoken of in the *Yick Wo case,* **not** an officer, employee, elected official, corporate officer, mariner, Indian, nor ward of the United States or USA do hereby declare, affirm and certify:

1. That I receive my written communications in care of:
   22 Arthur St
   Rockland, Ma 02370-2455

2. That I am lawfully authorized and legally empowered to make this document demand on my own behalf under the law of the land.

3. That because of injury threats, duress, and coercion, I have a substantial interest in the documents and/or records being sought herein to lay a legal foundation for suit.

4. That I have a legal right to require that this Formal squarely challenged venue/jurisdiction Demand for the Production of Documents be answered promptly to prevent further injury to this man.

5. That any failure to answer this Formal Demand promptly, will further jeopardize, injure and damage my rights to happiness, liberty and property, as I am under threat of unlawful seizure.

6. That these demanded documents and/or records are for my use and can be used against public servants, STATE, IRS, US, or USA in a court of competent jurisdiction.

7. That I demand a due process hearing on this matter within two weeks, an extension of time in which to file a tax court petition on the proposal and stay of proceedings. If no such hearing is granted or time extended, this will grounds for lack of due process.

8. That I declare under the penalty of bearing false witness of my Creator, that the foregoing Certification is accurate, true and correct to the best of my knowledge.

**EXECUTED THIS**     19th day of June, 2004

David Buffalo
Sui Juris

On this 19th day of June, 2004, the signatory, David Buffalo, Sui Juris, personally appeared before me and is known to me and did affix his signature to this document. In witness thereof I set my hand and seal

Notary Public in and for the State of  *Massachusetts*

residing at:    *Plymouth, SS.*

My commission expires:
*10th March 2011*

**Internal Revenue Service**
Appeals Office
10 Causeway Street
Room 493
Boston, MA 02222

**Department of the Treasury**

Date: February 17, 2005

**Person to Contact:**
  Lisa S. Boudreau
  Employee ID Number.
  Tel:  (617) 7⁻
  Fax: (617) 7⁻⁻
**Refer Reply to:**
  AP:FE:BOS:LSB
**In Re:**
  Collection Due Process - Levy
**Tax Period(s) Ended:**
  12/1999

DAVID W BUFFALO
22 ARTHUR STREET
ROCKLAND MA 02370

Dear Sir:

Enclosed please find form 433D, installment agreement. As we discussed during the Collection
Due Process hearing, that is the collection alternative you would like rather than the proposed
levy action. Please read and make sure you understand all of the terms and conditions of the
agreement. The monthly amount of $403.00 is the amount your financial information indicated
you could pay. Please sign and return the form in the enclosed envelope by March 16, 2005. My
determination in your case will be made with the information available on that date.

If you have any questions please contact me at the address and telephone number above.

Sincerely,

Lisa S. Boudreau
Settlement Officer

Enclosures:
  Envelope
  Form 433D

GOVERNMENT
EXHIBIT

B

| Form **433-D** (Rev. July 2003) | Department of the Treasury - Internal Revenue Service **Installment Agreement** *(See Instructions on the back of this page)* |
|---|---|

| Name and address of taxpayer*(s)* | Social security or employer identification number |
|---|---|
| DAVID W BUFFALO<br>22 ARTHUR STREET<br>ROCKLAND MA 02370 | *(taxpayer)*  **-5019**          *(spouse)* |
| | Your telephone numbers *(including area code)* |
| | *(home)*          *(work or business)*<br>                3 |
| | For assistance, call<br>**1-800-829-0115** *(Business)*, or<br>**1-800-829-8374** *(Individual - Self-Employed/business Owners)*, or<br>**1-800-829-0922** *(Individuals - Wage Earners)*<br>Or write:<br>          Internal Revenue Service<br>          Cincinnati, OH 45999-0149 |

Employer *(name and address)* ___Brigham & Women Hospital, 75 Francis St., Boston MA 02115___

Financial institution *(name and address)* ___

| Kinds of taxes *(form numbers)* | Tax periods | Amount owed as of 3/15/2005 |
|---|---|---|
| F1040 | 12/1999 12/2000 12/2001 12/2002 12/2003 | $2,798.00 |

I/We agree to pay the federal taxes shown above, PLUS PENALTIES AND INTEREST PROVIDED BY LAW, as follows:

$403.00 on 5/1/2005 and $403.00 on the 1ST of each month thereafter until the total liability is paid in full. I/We also agree to increase or decrease the above installment payment as follows:

| Date of increase *(or decrease)* | Amount of increase *(or decrease)* | New installment payment amount |
|---|---|---|
| | | |
| | | |

*The terms of this agreement are provided on the back of this page. Please review them thoroughly.*

[ ] Please initial this box after you've reviewed all terms and any additional conditions.

| Additional conditions/Terms *(To be completed by IRS)* | Note: Internal Revenue Service employees may contact third parties in order to process and maintain this agreement. |
|---|---|

**DIRECT DEBIT.**----Attach a voided check or complete this part only if you choose to make payments by direct debit. Read the instructions on the back of this page.

a. Routing number: [ ][ ][ ][ ][ ][ ][ ][ ][ ]    c. Account type (check one): _____ Checking _____ Savings

b. Account number: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

I authorize the U.S. Treasury and its designated Financial Agent to initiate a monthly ACH debit *(electronic withdrawal)* entry to the financial institution account indicated for payments of my Federal taxes owed, and the financial institution to debit the entry to this account. This authorization is to remain in full force and effect until I notify the U.S. Treasury Financial Agent to terminate the authorization. To revoke payment, I must contact the U.S. Treasury Financial Agent at the applicable toll free number listed above no later than 7 business days prior to payment *(settlement)* date. I also authorize the financial institutions involved in the processing of the electronic payments of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payments.

| Your signature | Title *(if corporate officer or partner)* | Date |
|---|---|---|
| | | |
| Spouse's signature *(if a joint liability)* | | Date |
| | | |
| Agreement examined or approved by *(signature, title, function)* | | Date |
| | | |

**_FOR IRS USE ONLY_**

**AGREEMENT LOCATOR NUMBER:** _0_ _8_ _3_ _6_
Input Review Suppress Indicator: "1" *(unless specific balance due IA)*
___ Check box if specific balance due IA; then,
input Review Suppress Indicator "6"
Agreement Review Cycle __ __ __ __ __ __
Earliest CSED 7/31/2010
**X** Check box if pre-assessed modules included
Originator's #:_1470___ Originator Code:__81__
Name: Lisa S. Boudreau    Title Settlement Officer

A NOTICE OF FEDERAL TAX LIEN *(Check one below)*

___ **HAS ALREADY BEEN FILED**
___ **WILL BE FILED IMMEDIATELY**
___ **WILL BE FILED WHEN TAX IS ASSESSED**
**X** **MAY BE FILED IF THIS AGREEMENT DEFAULTS**

Department of the Treasury - **Internal Revenue Service**                    Form **433-D**-c (Rev. 7/2003)

## INSTRUCTIONS TO TAXPAYER

If not already completed by an IRS employee, please fill in the information in the spaces provided on the front of this form for:

- Your name *(include spouse's name if a joint return)* and current address:
- Your social security number and/or employer identification number *whichever applies to your tax liability);*
- Your home and work or business telephone numbers:
- The complete name and address of your employer and your financial institution:
- The amount you can pay now as a partial payment;
- The amount you can pay each month *(or the amount determined by IRS personnel);* and
- The date you prefer to make this payment *(This must be the same day for each month, form the 1st to the 28th).* We must receive your payment by this date. If you elect the direct debit option, this is the day you want your payment electronically withdrawn form your financial institution account.

**Review the terms of this agreement.**
**When you've completed this agreement form, please sign and date it. Then, return Part 1 to IRS at the address on the letter that came with it or the address shown in the "For assistance" box on the front of the form.**

### Terms of this agreement

*By completing and submitting this agreement, you (the taxpayer) agree to the following terms:*

- You will make each payment so that we *(IRS)* receive it by the monthly due date stated on the front of this form. *If you cannot make a scheduled payment, contact us immediately.*
- This agreement is based on your current financial condition. We may modify or terminate the agreement if our information shows that your ability to pay has significantly changed. You must provide updated financial information when requested.
- While this agreement is in effect, you must file all federal tax returns and pay any *(federal)* taxes you owe on time.
- We will apply your federal tax refunds or overpayments *(if any)* to the amount you owe until it is fully paid.
- You must pay a $43 user fee, which we have authority to deduct form your first payments(s).
- If you default on your installment agreement, you must pay a $24 reinstatement fee if we reinstate the agreement. We have the authority to deduct this fee from your first payment(s) after the agreement is reinstated.
- We will apply all payments on this agreement in the best interests of the United States.
- **We can terminate your installment agreement if:**
  - You do not make monthly installment payments as agreed.
  - You do not pay any other federal tax debt when due.
  - You do not provide financial information when requested.
- If we terminate your agreement, we may collect the entire amount you owe by levy on your income, bank accounts or other assets, or by seizing your property.
- We may terminate this agreement at any time if we find that collection of the tax is in jeopardy.
- This agreement may require managerial approval. We'll notify you when we approve or don't approve the agreement.

### HOW TO PAY BY DIRECT DEBIT

Instead of sending us a check, you can pay by direct debit *(electronic withdrawal)* from your account at a financial institution *(such as a bank, mutual fund, brokerage firm, or credit union).* To do so, fill in Lines a, b, and c *(or attached a voided check).* Contact your financial institution to make sure that a direct debit is allowed and to get the correct routing and account numbers.

**Line a.** The first two digits of the routing number must be 01 through 12 or 21 through 32. Don't use a deposit slip to verify the number because it may contain internal routing numbers that are not part of the actual routing number.

**Line b.** The account number can be up to 17 characters. Include hyphens but omit spaces and special symbols. Enter the number form left to right and leave any unused boxes blank.

**NOTE:** *We will bill you for the first payment and the user fee.* **You must make the first payment by mail.** All other payments will be electronically withdrawn on the same day each month from your account. IRS won't send you a reminder about this.

### CHECKLIST FOR MAKING INSTALLMENT PAYMENTS:

1. Write your social security or employer identification number on each payment.
2. Make your check or money order payable to *"United States Treasury."*
3. Make each payment in an amount at least equal to the amount specified in this agreement.
4. Don't double one payment and skip the next without contacting us first.
5. Enclose a copy of the reminder notice, if you received one, with each payment using the envelope provided.
6. If you didn't receive an envelope, call the number below.

This agreement will not affect your liability *(if any)* for backup withholding under Public Law 98-67, the Interest and Dividend Compliance Act of 1983.

**QUESTIONS?** --- If you have *any* questions about the direct debit process or completing this form, please call the applicable telephone number below for assistance. 1-800-829-0115 *(Business)*, or 1-800-829-8374 *(Individual - Self-Employed/business Owners)*, or 1-800-829-0922 *(Individuals - Wage Earners)*